UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | Civil No: 11-148-GFVT |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | **ORDER** |
| ICG HAZARD, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Cross motions for summary judgment have been filed in this action.  Summary judgment was granted in favor of ICG on Counts One and Two of Sierra Club's Complaint in a previous Order. [R. 65.]  That Order denied Sierra Club's motion for summary judgment on Counts Three and Five and ICG's motion for summary judgment on Counts Three, Four, and Five.  Both motions were denied because the Court found that a factual issue needed clarification before a decision could be rendered.  That factual question has now been resolved, and for the reasons set forth below, the Court GRANTS ICG's motion as to Counts Three, Four, and Five and DENIES Sierra Club's motion as to Counts Three and Five.

**I**

Sierra Club's Complaint [R. 20] asserts five claims against ICG.  Sierra Club alleges that ICG's Thunder Ridge Mine, located in Leslie County, Kentucky, discharged water from point sources that violated Kentucky's water quality standards by containing an excess amount of selenium and being overly conductive. [*Id*.]  ICG is alleged to be subject to limitations on its

discharges because of two interconnected federal statutes, each effectuated through Kentucky administrative agencies. The Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*, more commonly referred to as the Clean Water Act (CWA), provided the basis for Claims One and Two, which the Court resolved in ICG's favor. The Surface Mining Control and Reclamation Act (SMCRA), 30 U.S.C. § 1201 *et seq.*, is the vehicle by which Sierra Club asserts the three pending claims. [R. 20.]

The facts undergirding these claims were extensively described by the parties and summarized in the Court's previous Memorandum Opinion and Order. [R. 65 at 4-6.] The factual ambiguity that prevented resolution of Counts Three, Four, and Five is whether any of the discharges at issue emanated from nonpoint sources. In response, Sierra Club filed a Motion to Clarify Claims in which it explained that all of the claims were premised on point source discharges. [R. 66 at 4.] ICG responded to Sierra Club's motion and agreed that nonpoint source discharges were not at issue. [R. 68.]

## II

In light of Sierra Club's clarification, all claims in this matter may now be resolved. Counts Three and Four are premised on point source discharges—subject to regulation by the CWA—that violate water quality standards promulgated under the SMCRA. Thus, the interconnectedness of the CWA and the SMCRA is determinative of the outcome of these claims.

Section 702 of the SMCRA (30 U.S.C. § 1292) states that nothing in the SMCRA "shall be construed as superseding, amending, modifying, or repealing" the CWA, among other statutes. Thus, SMCRA-based regulations are only allowed where there are regulatory gaps in the CWA. As to point source discharges, the CWA clearly regulates, undermining any effort to

bring a claim premised on a violation of the SMCRA. *See In re Surface Mining Regulation Litigation*, 627 F.2d 1346, 1366-69 (D.C. Cir. 1980) (explaining the relationship between the CWA and the SMCRA).

In other words, as between these two parties in an enforcement action, effluent limitations for point source discharges established pursuant to the CWA's regulatory scheme supersede the SMCRA's water quality standard requirements.  Water quality standards formed the basis for the effluent limitations and then effectively "dropped out."  To hold that water quality standards for point source discharges are subject to enforcement would modify and/or supersede the CWA in a manner that would violate § 702 of the SMCRA.  Accordingly, summary judgment is issued in favor of ICG on Counts Three and Four.

Furthermore, because the SMCRA was not violated, ICG had no responsibility to install additional water treatment facilities.  Summary judgment is accordingly granted in ICG's favor on Count Five.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1) ICG's Motion for Summary Judgment [R. 40] is **GRANTED** with regard to Counts Three, Four, and Five of Sierra Club's Complaint;

(2) Sierra Club's Motion for Summary Judgment [R. 41]is **DENIED** as to Counts Three and Five;

(3) Sierra Club's Motion to Clarify Claims and Enter Final Judgment [R. 66] is **GRANTED**;

(4) ICG's Motion to file Surreply in Opposition to Sierra Club's Motion for Summary

Judgment [R. 49] is **DENIED** as moot;

      (5)    The Court will enter an appropriate Judgment contemporaneously herewith.

This 11th day of January, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge